ROTHSCHILD, P. J.,
Dissenting.—No doubt the trial judge should not have shared her personal anecdote about plumbers during jury voir dire. Nonetheless, in my view, the court’s comments about plumbers did not usurp the jury’s function as the judges of witness credibility. And appellant has not shown the trial court abused its discretion when it denied his motion for a mistrial based on the court’s statements.
The record does not support the majority’s characterization of the judge’s comments. I do not think the jurors could have reasonably understood the court’s statements to mean that plumbers are liars or that jurors should not believe them. “ ‘The propriety and prejudicial effect of a particular comment are judged both by its content and by the circumstances in which it was made.’ ” (People v. Linwood (2003) 105 Cal.App.4th 59, 73 [129 Cal.Rptr.2d 73].) Here, viewed in its full context, the point of the court’s statement was to show how people, including the court, have biases based on their personal experiences and that the jurors must put them aside when they hear the testimony: As the court stated, only when the witness begins testifying, then “you can start to evaluate. But you can’t do it beforehand.” And just as the court had to put aside her bias against plumbers, she told the jurors they would have to put aside any bias they might have against certain categories of people who might testify in the case (including plumbers). Thus, the judge used the anecdote merely to caution the jury not to apply group prejudices or prejudge witnesses. And not, as the majority claims, to advise the jury that “the court herself would not believe a plumber who testified” or “that plumbers who came into court were liars.” (Maj. opn. ante, at p. 1131, italics omitted.)
Further, both before the testimony began and again before deliberations, the court instructed the jury on the specific factors for evaluating the credibility of witnesses, telling them they were the sole judges of the credibility of the witnesses; significantly, the court instructed them not to take anything it had said as an indication of how to evaluate the facts, the witnesses or how to decide the case. Given these instructions, it is not reasonable to assume that when the jurors heard the alibi witness say he was a plumber, they were reminded of the court’s personal anecdote and thought *1133 the judge said “plumbers who came into court were liars” (maj. opn. ante, at p. 1131), this guy is a plumber, so he must be a liar. On the contrary, we presume the jury followed the court’s instructions to evaluate his testimony and credibility based on his statements and demeanor in court without applying group prejudice, prejudgment or the court’s personal biases about plumbers. (People v. Montes (2014) 58 Cal.4th 809, 888 [169 Cal.Rptr.3d 279, 320 P.3d 729].)
I also disagree with the majority’s conclusion that a timely admonition would not have cured any prejudice. Once the court learned that appellant’s alibi witness was a plumber, the court could have addressed the issue in the moment, instructing the jury, for example, “Ladies and gentlemen, defense counsel informs me that a defense witness is a plumber. I used the example of my bias about plumbers as a way of emphasizing how we might have biases against people for different reasons, and we need to put them aside when it comes to hearing the testimony in this case. I will instruct you separately on the factors you should use to evaluate a witness’s credibility. You should do so based on those factors, not based on any bias that I or you may have towards others.” Such an instruction would have immediately clarified the point of the comment, and dispelled any prejudice.
Any possible prejudice from the comment could also have been addressed through juror voir dire. Counsel (or the court) could have asked the potential jurors questions to determine whether the jurors heard the judge’s comment about plumbers and if they did, to explore the extent to which the remarks about plumbers gave rise to any prejudice against appellant. And counsel could have then used juror challenges to remove individual jurors whose responses indicated bias or prejudgment notwithstanding the court’s clarification and admonishment. Appellant’s lawyer did not do any of these things, nor did she ask the court to conduct such an inquiry of the jury.
Significantly, counsel declined the court’s offer to give any admonishment to the jury. And having lost the motion for a mistrial, counsel made the tactical choice to do nothing else. Appellant should not now be heard to complain about the potential consequences of counsel’s strategic decision. (See People v. Fuiava (2012) 53 Cal.4th 622, 653 [137 Cal.Rptr.3d 147, 269 P.3d 568] [a defendant may not challenge on appeal alleged shortcomings in the trial court’s voir dire of the prospective jurors when the defendant, having had the opportunity to alert the trial court to the supposed problem and to fix it, decides not to do so].)
Finally, “ ‘[w]hether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions.’ ” (People v. Jenkins (2000) 22 *1134 Cal.4th 900, 986 [95 Cal.Rptr.2d 377, 997 P.2d 1044], quoting People v. Haskett (1982) 30 Cal.3d 841, 854 [180 Cal.Rptr. 640, 640 P.2d 776].) The judge, of course, was present and knew the tone and manner in which she spoke and could see the reactions of the jurors to her comments. Based on the totality of the circumstances as reflected in the record, the court’s decision to deny the motion for a mistrial does not appear to be beyond the bounds of reason. In my view, appellant was not denied due process or a fair trial, and the trial court did not abuse its discretion. Accordingly, I would affirm the judgment.